No. 12-2087

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

THE CITY OF PONTIAC RETIRED
EMPLOYEES ASSOCIATION, et al,

    Plaintiffs-Appellants,

v.

LOUIS SCHIMMEL, et al,

    Defendants-Appellees.

Appeal from the United States District Court
Eastern District of Michigan, Southern Division
Honorable Lawrence P. Zatkoff

**ATTORNEY GENERAL BILL SCHUETTE'S MOTION TO INTERVENE AS DEFENDANT-APPELLEE AND MOTION FOR EXPEDITED REVIEW OF MOTION TO INTERVENE**

|  |  |
|---|---|
|  | Bill Schuette |
|  | Attorney General |
|  |  |
|  | John J. Bursch |
|  | Solicitor General |
|  | Co-Counsel of Record |
|  |  |
|  | Heather S. Meingast (P55439) |
|  | Joshua O. Booth (P53847) |
|  | Assistant Attorneys General |
|  | Co-Counsel of Record |
|  | Attorneys for Proposed |
|  | Intervening Defendant |
|  | Attorney General Bill Schuette |
|  | Opinions Division |
|  | P.O. Box 30212 |
| Dated: February 5, 2013 | Lansing, MI 48909 |

## ATTORNEY GENERAL BILL SCHUETTE'S MOTION TO INTERVENE AS DEFENDANT-APPELLEE AND MOTION FOR EXPEDITED REVIEW OF MOTION TO INTERVENE

NOW COMES Attorney General Bill Schuette, by his attorneys, Heather S. Meingast and Joshua O. Booth, Assistant Attorneys General, and in support of his motion to intervene states as follows:

1.  This Court scheduled oral argument in this matter for January 15, 2013.

2.  On January 14, 2013, the day before the argument, this Court sent a letter to counsel for the parties requesting that they be prepared to address several questions relating to the effect of the voters' disapproval of the Local Government and School District Fiscal Accountability Act, MICH. COMP. LAWS 141.1501 *et seq.*, 2011 PA 4, at the November 6, 2012, general election.

3.  During oral argument on the next day, the panel asked counsel for the parties a number of questions regarding the rejection of 2011 PA 4 and its earlier suspension under MICH. CONST. 1963, art 2, § 9.

4.  None of these significant issues were raised or briefed by the parties in their appellate briefs filed on October 5, 2012, November 1,

2012, or even for the brief filed on November 19, 2012, which was a post-election day filing.

5.  The State of Michigan is not a party to this case, although the Department of Attorney General has been monitoring its progress, and in contact with counsel for Defendants. Given the specific issues raised by Plaintiffs in the complaint, it was unnecessary for the State or the Department of Attorney General to participate in the case.

6.  However, the State of Michigan has a significant interest in the issues this Court raised sua sponte in its January 14, 2013 letter, and during oral argument.

7.  It is the State of Michigan's position that:

- Public Act 4 (2011 PA 4) was effective until August 8, 2012 when the Michigan Board of State Canvassers certified the referendum for placement on the November 2012 general election ballot;

- Public Act 72 (1990 PA 72), the prior version of Public Act 4, was temporarily revived when the effect of Public Act 4 was suspended by operation of law on August 8, 2012,

- Public Act 72 continued to operate after the November 6, 2012 election when the voters elected to nullify Public Act 4 (formally entered on November 26, 2012, the date on which the Michigan Board of State Canvassers certified the results of the election);

- Any actions taken by emergency managers during the 18 months in which Public Act 4 was validly in effect are not void as a result of the rejection of Public Act 4, because the referendum does not operate retroactively to nullify the Act; and

- Public Act 72 remains effective until March 28, 2013, the date on which Public Act 436 goes into effect (2012 PA 436).[1]

8. The State's position with respect to these issues was expressly set forth in an opinion issued by the Attorney General on August 6, 2012. See OAG, 2011-2012, No 7267, p __ (August 6, 2012). And the position is supported by a Michigan Court of Appeals order in *Davis v. Roberts*, unpublished order of the Court of Appeals, issued November 16, 2012 (Docket No. 313297), in which the Court concluded that 1990 PA 72 was revived after both the suspension and rejection of 2011 PA 4. The Michigan Supreme Court denied leave to appeal in that case three days after oral argument in this case, on January 18, 2013, ___ Mich ___ (2013); 2013 WL 211293 (Michigan Supreme Court Case No. 146187), leaving intact the Michigan Court of Appeals' order.

---

[1] As the Court is aware, Public Act 436, the newly enacted emergency manager law, repeals Public Act 72 as of the date it becomes effective. Any actions taken under Public Act 72 while in effect are also not retroactively repealed on March 28, 2013.

9.     The Michigan Court of Appeals followed the order in another case, *Davis v. City of Detroit Financial Review Team*, unpublished per curiam opinion of the Michigan Court of Appeals (Docket No. 310653), dec'd December 18, 2012, n 1, recognizing the revival and application of 1990 PA 72 subsequent to the November 2012 general election.[2]

10.    Because these important questions of state law were not raised by the parties or briefed on appeal, and the State is not a party to the case, the Attorney General respectfully asks that he may intervene in this case post-argument and ask that this Court decline to address these unpreserved issues in the context of this appeal.  There has been no briefing by the State on these vital issues of state law, and the State would have intervened and addressed them had they been raised by the parties.

---

[2] Currently, the Michigan Court of Appeals has pending before it questions relating to the effect of the certification and suspension of the referendum on actions taken by emergency managers with respect to collective bargaining while 2011 PA 4 was in effect.  See *Detroit Police Officers Association v. City of Detroit, et al.*, Wayne County Circuit Court No. 12-010859-CL, Michigan Court of Appeals Docket No. 312439.

4

11. The Attorney General seeks intervention under either FED. R. CIV. P 24(a) (intervention as of right) or (b) (permissive intervention).

12. The Attorney General, as the state's chief law enforcement officer, has not only a duty to ensure that the laws of the State are followed, but also a duty to defend those laws, such as 2011 PA 4, as enacted by the Legislature. MICH. CONST. 1963, art 5, §§ 3, 21; MICH. COMP. LAWS § 14.28. Concomitant with those duties is the Attorney General's right under Michigan law to intervene in any matter to protect state interests. See MICH. COMP. LAWS § 14.101. See also *Attorney General v. Public Service Comm.*, 625 N.W2d. 16, 23 (Mich. Ct. App. 2000).

13. The Attorney General thus has a substantial legal interest in this matter relating to his duty to defend the laws of the State, which interest will not be adequately represented by the parties in this case, and he should therefore be permitted to intervene in this appeal. See *Associated Builders & Contrs., Saginaw Valley Area Chapter v. Perry*, 115 F.3d 386, 390 (6th Cir. 1997).

## MOTION FOR EXPEDITED REVIEW

14.　　Pursuant to Sixth Circuit Rule 27(c), and for the reasons set forth above, the Attorney General requests that this Court grant expedited review of his Motion to Intervene as he has demonstrated good cause as to why the motion should receive expedited review.

WHEREFORE, for the reasons set forth above, Attorney General Bill Schuette requests that this Court grant his Motion to Intervene pursuant to FED. R. CIV. P. 24(a) or (b), so that he may ask that this Court not address the significant issues of state law – not raised by the Plaintiffs-Appellants – and only identified sua sponte by this Court, where the State has not had an opportunity previously to intervene and brief these issues.

                                        Respectfully submitted,

                                            Bill Schuette
                                            Attorney General

                                            John J. Bursch
                                            Solicitor General
                                            Co-Counsel of Record

                                            /s/<u>Heather S. Meingast </u>(P55439)
                                            Joshua O. Booth (P53847)
                                            Assistant Attorneys General
                                            Co-Counsel of Record
                                            Attorneys for Proposed
                                            Intervening Defendant
                                            Attorney General Bill Schuette
                                            Opinions Division
                                            P.O. Box 30212
                                            Lansing, MI 48909
                                            517-335-0741

Dated:  February 5, 2013

## PROOF OF SERVICE

I certify that on February 5, 2013, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

/s/<u>Heather S. Meingast</u> (P55439)

Joshua O. Booth (P53847)
Assistant Attorneys General
Co-Counsel of Record
Attorneys for Proposed
Intervening Defendant
Attorney General Bill Schuette
Opinions Division
P.O. Box 30212
Lansing, MI 48909
517-335-0741